**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Paul S. Lindsey, Jr., and Valeria Schall, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> The Travelers Indemnity Company, and ) <br> ABC Companies I-X, ) <br> ) <br> Defendant. ) <br> ) <br> _____) | No. CV 06-609-PHX-MHM <br><br> **ORDER** |

Presently pending before this Court are Plaintiffs' Motion for Referral to Bankruptcy Court (Dkt. #13) and Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. #7). Both Motions are fully briefed. After considering the parties' papers, the Court issues the following Order.

BACKGROUND

This action derives from several jointly administered Chapter 11 Bankruptcy proceedings currently pending in the United States Bankruptcy Court for the District of Arizona and a related adversary proceeding involving the Reorganized Debtor.[1] Plaintiffs, Paul S. Lindsey, Jr., former Chairman of the Board of Directors, President, and

---

[1] Relevant case numbers are as follows: 2-03-12703-RTB through 2-03-12722-RTB (bankruptcy) and 2-05-536-RTB (adversary proceeding).

1  Chief Executive Officer of All Star Gas Corporation ("All Star"), and Valeria Schall,
2  former Executive Vice President, Officer, and Director of All Star, originally brought this
3  action in Superior Court of Arizona, Maricopa County on February 6, 2006.  On February
4  27, 2006, Defendant Travelers Indemnity Company ("Travelers") timely removed the
5  case to this Court.

6  In their complaint, Plaintiffs allege, *inter alia*, that Defendant breached a
7  contractual agreement by denying insurance coverage and refusing to undertake Plaintiffs'
8  defense in the adversary case against Plaintiffs in the All Star Chapter 11 bankruptcy
9  proceedings in the District of Arizona Bankruptcy Court.  Plaintiffs also assert that
10 Defendant breached the implied covenant of good faith and fair dealing by depriving
11 Plaintiffs of coverage and refusing to undertake their defense in the underlying adversary
12 proceeding.  Additionally, Plaintiffs seek declaratory judgment requesting that the Court
13 determine that Travelers is obligated to provide Plaintiffs with coverage and undertake
14 their defense in the underlying adversary proceeding.

15 Essentially, this case addresses whether Directors and Officers Liability and
16 Company Identification Insurance Policy No. GA 0631869 (the "Policy") issued to All
17 Star, provides coverage to Plaintiffs for the claims brought against them in the action
18 entitled In re: All Star Gas Inc. of Arizona, No. 2:05-00536 (Bankr. D. Ariz. Jul. 19,
19 2005) (the "underlying adversary proceeding").  Plaintiffs seek coverage under the Policy
20 for the breach of fiduciary duty claims asserted in that action.  Defendant has denied
21 coverage based, *inter alia*, on the fact that the claims-made Policy expired before the
22 underlying adversary proceeding was filed.

23 On March 6, 2006, Defendant filed a Motion to Transfer Venue to the United
24 States District Court for the Western District of Missouri.  On April 3, 2006, in response
25 to Defendant's Motion, Plaintiffs filed a Motion for Referral to the United States
26 Bankruptcy Court, District of Arizona.  Interestingly, on April 25, 2006, the parties filed a
27 notice of settlement in the adversary proceeding.  Furthermore, a stipulated judgment in
28 the underlying adversary proceeding was signed on November 29, 2006 and the approval

1  order was signed on December 19, 2006.  The Court first considers Plaintiffs' Motion for
2  Referral to Bankruptcy Court.

DISCUSSION

REFERRAL TO BANKRUPTCY COURT

A bankruptcy court has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  Proceedings "arising in" bankruptcy cases generally are referred to as "core" proceedings, and essentially are proceedings that would not exist outside of bankruptcy, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," and "proceedings to determine, avoid, or recover preferences."  28 U.S.C. § 157(b)(2); see also In re Harris Pine Mills, 44 F.3d 1431, 1435-37 (9th Cir. 1995).

Under 28 U.S.C. § 157(b)(2) bankruptcy judges have the power to determine all core proceedings and to enter appropriate orders and judgments, but are precluded from entering a final order to resolve a non-core proceeding unless all parties consent.  28 U.S.C. § 157(c)(1).  If there is no consent in a non-core proceeding, as is the case here, the bankruptcy judge must submit proposed findings and conclusions for *de novo* review by the district court.  Id.  In other words, a bankruptcy court lacks jurisdiction "to make *final* determinations in matters that could have been brought in a district court or a state court."  In re Thomas, 765 F.2d 926, 929 (9th Cir. 1985) (emphasis added).  However, this does not preclude the bankruptcy court from having jurisdiction over a case and making a recommended ruling to the district court.

In fact, the bankruptcy court has jurisdiction over a much broader set of cases than merely the "arising under," "arising in," and "related to" cases discussed above.  The applicable test varies depending on the stage of the proceedings.  In the pre-confirmation context, the Ninth Circuit has adopted the "Pacor test" for determining whether a bankruptcy court has jurisdiction over cases "related to" the bankruptcy jurisdiction.  In re Fietz, 852 f.2d 455, 457 (9th Cir. 1988).  The Pacor test determines "related to" jurisdiction based on whether:

> the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Id., (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).).

In the post-confirmation context, the Ninth Circuit has adopted the "close nexus" test. In re Pegasus Gold Corp., 394 F.3d 1189, 1194 (9th Cir. 2005). The "close nexus" test recognizes the limited nature of post-confirmation jurisdiction. Id. Nevertheless, a bankruptcy court's "related to" jurisdiction includes post-confirmation jurisdiction over state court actions such as breach of contract and breach of the convenant of good faith and fair dealing when the claims have a "close nexus" to the bankruptcy proceeding. Id., 394 F.3d at 1194; see also Celotex Corp. v. Edwards, 514 U.S. 300, 309, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995).

As stated above, Plaintiffs' action alleges state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory judgment. Such claims do not "arise under" or "arise in" the bankruptcy case, as they are not core proceedings that would not exist outside of bankruptcy. 28 U.S.C. § 157(b)(2). Nevertheless, Plaintiffs' claims could be "related to" the bankruptcy case if "'the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" In re Fietz, 852 F.2d at 457 (quoting Pacor, 743 F.2d at 994 (original emphases omitted)).

The parties dispute whether this case is "related to" the pending bankruptcy case. Plaintiffs assert that the instant case would not exist but for the underlying adversary proceeding then-pending before Judge Redfield T. Baum in the bankruptcy court. Plaintiffs contend that they brought this action after they unsuccessfully sought Defendant's indemnification through the Policy at issue in the underlying adversary proceeding, which is part of the bankruptcy court proceedings.

Defendant asserts that the proposed settlement in the underlying adversary proceeding undermines Plaintiffs' "related to" argument by transforming the underlying adversary proceeding into a post-confirmation proceeding, thereby requiring examination under the "close nexus" test rather than the more broad "related to" pre-confirmation test.[2] Defendant relies on cases such as In re Diagnostic International Inc., 257 B.R. 511 (Bkrtcy, D.Ariz. 2000), Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159 (7th Cir. 1994), and Hardstad v. First American Bank, 39 F.3d 898 (8th Cir. 1994), to argue that the Court should deny Plaintiffs' Motion to Remove the instant case to bankruptcy court. However, those cases are distinguishable because in those cases, the plaintiffs seek to reopen a closed bankruptcy case. Here, Plaintiffs filed the instant cause of action more than two months before the notice of settlement was filed in the underlying adversary proceeding, more than ten months before the stipulated judgment was signed and more than eleven months before the approval order was signed.[3] Thus, the underlying bankruptcy cause of action was far from closed at the time Plaintiffs filed the instant lawsuit. Therefore, the Court applies the Pacor test to determine whether the bankruptcy court has "related to" jurisdiction.

Defendant summarily asserts that this case is not related to the pending Chapter 11 Bankruptcy matter because it relates to contract claims that are based on state law. However, Defendant's assertion that state-law claims are not related to pending bankruptcy matters overlooks the "related to" law in the Ninth Circuit whereby an action

---

[2] Defendant filed a Sur-Reply stating that Plaintiffs had not disclosed the notice of settlement in the underlying adversary proceeding. However, Plaintiffs, in fact, did disclose their "settlement in principle" in their Motion for Referral to Bankruptcy Court. Thus, the Court finds that there was no "recent development" supporting the need for Defendant to have filed a Sur-Reply. Accordingly, the Court disregards Defendant's Sur-Reply and Plaintiffs' Response to Defendant's Sur-Reply.

[3] Plaintiffs filed the instant cause of action on February 7, 2006. In the underlying adversary proceeding, a notice of settlement was filed on April 25, 2006, a stipulated judgment was signed on November 29, 2006, and the approval order was signed on December 19, 2006.

- 5 -

is related to a bankruptcy case if it could alter the debtor's rights or liabilities. Clearly, a case based on a contract dispute as to whether parties involved in bankruptcy were wrongly denied indemnification under the terms of an insurance plan could alter that debtor's rights and liabilities.

Defendant contends that once a plan of reorganization is entered into in a case,[4] then, unless otherwise provided, property of the bankruptcy estate reverts to the debtor and the bankruptcy estate effectively ceases to exist. See, e.g., 11 U.S.C. § 1141(b). Though Defendant has correctly stated the law regarding the bankruptcy court's role after adoption of a reorganization plan, Defendant ignores the fact that, in this case, the reorganization plan specifically retains jurisdiction over matters of bankruptcy administration. Here, the bankruptcy court retained jurisdiction on claims including, *inter alia*, "any claims, rights, or causes of action . . . the Bankruptcy Code or any similar provisions of state law, or any other statute or legal or equitable theory" and "any and all . . . claims, rights, or causes of action . . . of the Debtor or the Estates that may exist under applicable bankruptcy or nonbankruptcy law." Order Confirming "Debtors' Second Amended Joint Chapter 11 Plan of Reorganization (Dated April 27, 2004), signed by Judge Baum on August 31, 2004.

Defendant cites Celotex Corp., 514 U.S. at 308, to argue that "related to" jurisdiction "cannot be limitless." The Celotex Corp. Court did proclaim that bankruptcy jurisdiction is not limitless, however, the Court held that whether a judgment against a debtor's surety was a question "related to" debtor's bankruptcy case, which was within the bankruptcy court's jurisdiction. Contrary to Defendant's intentions, Celotex Corp. supports the Court's finding that it appropriate to refer the instant case to the bankruptcy court.

---

[4] Judge Baum signed an Order Confirming "Debtors' Second Amended Joint Chapter 11 Plan of Reorganization (Dated April 27, 2004)" on August 31, 2004.

- 6 -

1   Defendant attempts to characterize a stayed bankruptcy proceeding with an
2 ongoing adversary proceeding.  The Court finds that referring Plaintiffs' case to the
3 bankruptcy court in it's present posture does not support Defendant's assertion that the
4 Court would be improperly creating or retaining jurisdiction.  This is especially true
5 considering that Plaintiffs moved to refer the case to bankruptcy court months before the
6 judgment order in the underlying adversary proceeding was signed.

7   Defendant also attempts to argue the merits of the case by asserting that the
8 indemnification policy was not in effect during the bankruptcy proceeding, thereby
9 rendering Plaintiffs' lawsuit meritless.  The Court will not address the merits of Plaintiffs'
10 contract claims at this time.  The present Order only addresses the appropriateness of
11 referring the case to bankruptcy court.  Addressing the merits of the claims at this time
12 would be unfair to the Plaintiffs.

13   The bankruptcy court, in its reorganization plan, specifically retained jurisdiction
14 over state law claims that may relate to the bankruptcy cases.  Here, Plaintiffs' breach of
15 contract claims directly stem from Defendant's denial of insurance coverage.  In fact, it
16 appears that the instant case would not exist but for the pertinent then-pending adversary
17 proceeding.  Based on these facts and circumstances, the Court could find it appropriate
18 to refer the case to the bankruptcy court under the more limited "close nexus" test applied
19 in a post-confirmation case.  However, under the facts presented, the Court finds that the
20 broader pre-confirmation Pacor test, adopted in the Ninth Circuit in In re Fietz, 852 f.2d
21 455, applies because Plaintiffs filed the instant case during the pendency of the relevant
22 underlying adversary proceeding.

23   As stated above, the Pacor test determines "related to" jurisdiction to include cases
24 that may alter the debtor's rights or liabilities, and which in any way impacts the handling
25 and administration of the bankrupt estate.  Pacor, 743 F.2d at 994.  The Court determines
26 that Plaintiffs' breach of contract, breach of the covenant of good faith and fair dealing,
27 and declaratory judgment claims are "related to" the bankruptcy case and finds that
28 referral to the bankruptcy court is appropriate.

**CONCLUSION**

In sum, the Court finds that the instant cause of action is related to the underlying bankruptcy cases and the relevant adversary proceeding. Moreover, the outcome of the instant case could alter the debtor's rights and liabilities, and may impact the handling and administration of the bankrupt estate. Therefore, the Court grants Plaintiffs' Motion for Referral to Bankruptcy Court. Consequently, the Court determines that it is appropriate for the District of Arizona Bankruptcy Court to maintain jurisdiction over this case and denies Defendant's Motion to Transfer Venue.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Referral to Bankruptcy Court (Dkt. #13) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Transfer Venue (Dkt. #7) is denied.

**IT IS FURTHER ORDERED** that the Clerk of Courts shall refer this case to the Bankruptcy Court to make proposed findings and conclusions based on the merits of the case.

DATED this 9th day of March, 2007.

Mary H. Murguia
United States District Judge